**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raul TORRES–GARCIA, Defendant– Appellant.**

No. 01–50667.

D.C. CR–01–0210–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 2004.

Decided March 3, 2004.

Carol C. Lam, AUSA, US Attorney's Office, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ricardo M. Gonzalez, San Diego, CA, for Defendant–Appellant.

Before FRIEDMAN,\* TROTT, and RAWLINSON, Circuit Judges.

MEMORANDUM\*\*

1. Torres–Garcia's challenge to his conviction on the ground that two items of evidence were improperly admitted is unconvincing.

■ The evidence of his prior attempts to enter the United States under

Del Muro's name was properly admitted under Federal Rule of Evidence 404(b), because it illustrated his "modus operandi," i.e., his method of attempting to enter the United States. Moreover, at the hearing on the admissibility of that evidence, Torres–Garcia's counsel "agree[d] with the court" that the evidence was admissible to prove "modus operandi." The district court also correctly admitted documents from Torres–Garcia's Immigration and Naturalization Service "A" file under the public records exception to the hearsay rule. Fed.R.Evid. 803(8); *see United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217–18 (9th Cir.2001); *United States v. Loyola–Dominguez,* 125 F.3d 1315, 1317 (9th Cir.1997).

■ 2. Garcia's pre-sentence report included among his prior criminal convictions a 1992 California state conviction for driving with a license that had been revoked for driving under the influence. This conviction increased his criminal history category by one level and therefore increased the guideline sentencing range. In his objections to the pre-sentence report, Torres–Garcia denied that the conviction (as well as two other similar convictions shown in the report) was "his case."

The record raises questions whether the 1992 conviction was that of Torres–Garcia. In the district court proceedings, Torres–Garcia insisted that he was Del Muro. He therefore may have viewed the conviction as not his because it was that of Torres–Garcia, but he was Del Muro. Alternatively, he might have been convicted under the name Del Muro, so that the conviction was not that of Torres–Garcia.

\* Daniel M. Friedman, Senior Circuit Judge of the Court of Appeals for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The record also contains affirmative evidence suggesting that the conviction may have been that of Del Muro, not Torres–Garcia. Del Muro testified that he was convicted of driving under the influence in 1991 by a court in the same county in which Torres–Garcia's 1992 conviction occurred, and that that case may have occurred in 1992. He further testified that during that proceeding his driver's license had been revoked, and that later he was ticketed for driving with a suspended license.

There is an additional item in the presentence report that casts doubt upon the 1992 conviction. The report also includes a conviction for attempted re-entry after deportation and falsely claiming citizenship in December 1991, for which Torres–Garcia was sentenced in March 1992 to twenty months imprisonment. The next entry is that he was "released to INS custody" on April 16, 1993. If the dates and information shown on this entry are correct and if he served all or most of that sentence, he would have been incarcerated on August 1, 1992, the date of the arrest for his 1992 driving offense.

3. In response to questions about these points that the court raised at oral argument, the government undertook to examine the matter further. It has informed us that, after examining the California Department of Motor Vehicle records:

It appears that when one compares the photograph of Mr. Torres–Garcia taken by [Probation Officer] Mudd to the photograph of the person under whose California Driver's License Number the 1992 conviction was suffered, Mr. Torres–Garcia is not that person. That person is the real Alberto Jose Del Muro. Therefore, the 1992 conviction should not have been attributed to Mr. Torres–Garcia, and the one additional Criminal History point should not have been added into his score.

In these circumstances, we vacate Torres–Garcia's sentence, and remand the case to the district court for resentencing without giving effect to his 1992 California conviction for driving with a revoked license.

CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.